Kalala v. Barr

BIA
Hom, IJ
A205 826 228

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT:
>       JOSÉ A. CABRANES,
>       RAYMOND J. LOHIER, Jr.,
>       STEVEN J. MENASHI,
>           *Circuit Judges.*

_____

NAOMI KALALA,
>       *Petitioner,*

>       v.                                          18-791
>                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Thomas V. Massucci, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; John S. Hogan, Assistant
                           Director; Lindsay Corliss, Trial
                           Attorney; Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Naomi Kalala, a native and citizen of the Democratic Republic of the Congo, seeks review of a February 26, 2018 decision of the BIA affirming an April 20, 2017 decision of an Immigration Judge ("IJ") denying Kalala's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Naomi Kalala,* No. A 205 826 228 (B.I.A. Feb. 26, 2018), *aff'g* No. A 205 826 228 (Immig. Ct. N.Y.C.Apr. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness." *See Wangchuck v. Dep't of Homeland Sec., Immigration & Customs Enf't*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination

2

under a substantial evidence standard).  The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's adverse credibility determination.

The agency was entitled to rely on the asylum interview record in assessing Kalala's credibility.  The agency may rely on the record of an asylum interview if the record contains a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview." *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (citation and internal quotation marks omitted).  Asylum interviews do not require the same special scrutiny as airport or credible fear

3

interviews because they "take place after the alien has arrived in the United States, has taken the time to submit a formal asylum application, and has had the opportunity to gather his or her thoughts, to prepare for the interview, and to obtain counsel." *Id.* In this case, the record contains the asylum officer's notes reflecting the questions and Kalala's answers, and a typed assessment of Kalala's claim. Kalala argues that the non-responsive and conflicting answers in the asylum interview record are evidence that the record was not reliable. But a factfinder could conclude that the conflicting answers were the result of Kalala's fabrication, not her lack of English fluency. When competing inferences can be drawn from the evidence, we defer to the IJ. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

The agency also did not err in relying on the inconsistency among Kalala's asylum application, asylum interview, and testimony regarding whether she had two children. Kalala listed her nieces as her children on her asylum application and testified that she did so because she was taking care of them and they were staying with her. The IJ was not required to accept this explanation, particularly as Kalala testified that she was not taking care of them at the time she filed her asylum application. *See Majidi v.*

*Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

The record supports the agency's reliance on additional inconsistencies. Kalala's testimony and statements at the asylum interview were inconsistent regarding the location of the children. The asylum interview record and asylum application were inconsistent regarding where she was raped. And her testimony and documentary evidence were inconsistent regarding whether she had a miscarriage following the rape.

The agency also did not err in determining that Kalala's use of a false passport to obtain a U.S. visa in South Africa undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that IJ may rely on falsehoods in any statement "without regard to whether . . . [it] goes to the heart of the applicant's claim"). Making false statements to flee persecution is consistent with the pursuit of asylum, and it is "unreasonable" to "penalize an applicant for lying to escape a country where he or she faces persecution." *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006). But

5

here the agency reasonably determined that Kalala was not directly fleeing persecution at the time that she used the false passport. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Finally, two physician affidavits provided by Kalala do not compel the conclusion that Kalala was credible. *See Xiu Xia Lin*, 534 F.3d at 167 ("We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."); *see also Hong Fei Gao*, 891 F.3d at 79 ("review of an agency's adverse credibility determination is conducted on the record as a whole" (internal quotation marks omitted)). While a physician's evaluation provided evidence that Kalala was harmed, it did not corroborate that she was harmed on account of her husband's political activities. Similarly, an affidavit signed by a psychiatrist would not necessarily compel a reasonable factfinder to find Kalala credible. *See Xiu Xia Lin*, 534 F.3d at 167; *cf. Hong Fei Gao*, 891 F.3d at 81 (determining that omissions were entitled to little weight in part because "when considering the record as a whole, there was corroborating evidence of petitioners' claims" of past

6

persecution by authorities (internal quotation marks and citation omitted)).

Given the inconsistencies among Kalala's testimony, application, asylum interview record, and medical documents, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because all of Kalala's claims were based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court